# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

Junius P. Leisure, II
# MP 5563

*(In the space above enter the full name(s) of the plaintiff(s).)*

**1 7      4 6 0 3**

- against -

## COMPLAINT

Lancaster County Prison
Director of Nursing
PRime Care (Healthcare Provider)
et al.

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☑ Yes   ☐  No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

## I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
as necessary.

Plaintiff     Name _____ Junius P. Leisure, II _____
              ID # _____ MP 5563 _____
              Current Institution _____ SCI - Fauette _____
              Address _____ P.O. Box 9999 _____
              _____ LaBelle, Pa 15450 -0999 _____

*Rev. 10/2009*

B.   List all defendants' names, positions, places of employment, and the address where each defendant
     may be served. Make sure that the defendant(s) listed below are identical to those contained in the
     above caption. Attach additional sheets of paper as necessary.

Defendant No. 1      Name _Nurse A_____ Shield #_____ (See Medical)
                     Where Currently Employed _Lancaster County PRison_      Records
                     Address _____625 E. King St._____
                     _____Lancaster, Pa 17602 - 3199_____
(For the Purpose of Identification (nurse A) will be identified as the nurse Performing act
Complained about in this complaint.)

Defendant No. 2      Name _Nurse B_____ Shield #_____ | see medical
                     Where Currently Employed _Lancaster County PRison_      | records
                     Address _____625 E. King St._____
                     _____Lancaster, Pa 17602 - 3199_____
(Nurse B) will be the supervising nurse During the act complained about
in this complaint.)

Defendant No. 3      Name _Director of Nursing_____ Shield #_____ (See medical)
                     Where Currently Employed _Lancaster County Prison_      Records
                     Address _____625 E. King St._____
                     _____Lancaster, Pa 17602 -3199_____

Defendant No. 4      Name _Lancaster County Prison_ Shield #_____
                     Where Currently Employed _____N/A_____
                     Address _____625 E. King St._____
                     _____Lancaster, Pa 17602 - 3199_____

Defendant No. 5      Name _Prime Care Healthcare Provider_ Shield #_____
                     Where Currently Employed _Lancaster County Prison_
                     Address _____625 E. King St._____
                     _____Lancaster, Pa 17602 - 3199_____

## II.   Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the
caption of this complaint is involved in this action, along with the dates and locations of all relevant events.
You may wish to include further details such as the names of other persons involved in the events giving
rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims,
number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur? _____
     _____@ Lancaster County Prison_____
B.   Where in the institution did the events giving rise to your claim(s) occur? _____
     _____Medical Department_____
     _____@ Lancaster County Prison_____
C.   What date and approximate time did the events giving rise to your claim(s) occur? _____
     _Between 12-14-14 and 7-14-16 (Please See Medical Records_
     _____for actual Date of Incident and time.)_

**D.**   Facts: _____

| | |
|---|---|
| What happened to you? | |

( Please See Exhibit A
Attached and marked as
Exhibit A
On the back

| | |
|---|---|
| Who did what? | |

| | |
|---|---|
| Was anyone else , involved? | |

| | |
|---|---|
| Who else saw what happened? | |

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

( Please See Exhibit A Attached
and mark Exhibit A on the Back pages )

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that " [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ☒ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____ Lancaster County Prison   12-14-14 til 7-14-16 _____
_____ 625 E. King St., Lancaster, Pa 17602-3199 _____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ☒ No ____ Do Not Know ____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____ No ____ Do Not Know ☒

If YES, which claim(s)? _____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____ No ☒

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ☒ No ____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____ at SCI-Fayette _____

1.    Which claim(s) in this complaint did you grieve? _____
_____ Deliberate indifference - untrained
2.    What was the result, if any? and Unsupervised medical staff
_____ (Pending)(sent out 9-12-17)

3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _____
_____ - no response to appeal - _____
_____ (See Exhibit "C") _____
_____
_____

F.   If you did ~~not~~ file a grievance:

( explanation of time lapsed!)

1.   If there are any reasons why you did ~~not~~ file a grievance, state them here: __On__
__7-14-16 Inmate transferred 12-23-16 to SCI-Fayette__
__LCP Medical staff did not complete 2nd attempt__

Filed a grievance, but not timely for reasons stated

__to clean out my ears, and so I did not Know the__
__extent of damage to right ear until Seen__
__By the Audiologist Dr Joseph M. Marinak__

2.   If you did not file a grievance but informed any officials of your claim, state who you

informed, when and how, and their response, if any:_____

__Officer J. Paxton and office Mastrangelo__
__both block officers on the medical Housing__
__Unit both acted indifferently.__

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative
remedies. __Sent out information for representation to__
__medical malpractice lawyer and personal Injury lawyers while__
__at SCI-Camphill and continue through at SCI-Fayette__
__I got little or no responses. Contacted the__
__Pennsylvania Lawyer Referral and Pennsylvania Inst.__
__Law Project, and I haven't received any help__
__with finding a Lawyer, so I decided to go ahead__
__and file myself, before Statute of Limitations is up.__

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your ( Please See
administrative remedies. Sent Grievance form to LCP.     Exhibit (B)
on 9-12-17 . . . . . Exhibit "C"     Attached )
( Exhibit B(a) )
( Exhibit B(b) ).

V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount). __I Seek for the appointment__
__of Counsel to help me with my case.__
For the irrepable harm done to my ear, my pain and suffering, and mental anguish;
__I seek $150,000 Punitive Damages__
__I seek $50,000 Compensatory Damages__
__I seek $25,000 monetary Damages__

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**VI.**     **Previous lawsuits:**

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

> On these claims

    Yes _____ No _____ ✗

B.      If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format. )

    1.      Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

    2.      Court (if federal court, name the district; if state court, name the county) _____

    3.      Docket or Index number _____

    4.      Name of Judge assigned to your case _____

    5.      Approximate date of filing lawsuit _____

    6.      Is the case still pending?   Yes _____ No _____

        If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

_____

C. Have you filed other lawsuits in state or federal court?

Yes ____ No ✗

On other claims

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket or Index number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending?   Yes ____ No ____

If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _7_ day of __October_____, 20_17_.

Signature of Plaintiff _Junius P. Leisure, II_

Inmate Number _# MP5563_

Institution Address _SCI- Fayette_
_P.O. Box 9999_
_La Belle, Pa   15450-0999_

_____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _7_ day of _October_____, 20_17_, I am *not.* delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _Junius P. Leisure, II_
# MP5563

Statement of Facts
and
Injuries

RE:   42 U.S.C. subsection 1983 Action

### 8th AMENDMENT VIOLATION OF U.S. CONSTITUTION

(Alleging That Inadequately Trained and Supervised Medical Staff Performed Treatment on Inmate Resulting in Injury to Inmate).

I am not saying that I should have expected the best type of care that one could get on the outside, but reasonable care should be expected under the law under any circumstances.

With that being said, let me start with, I have a problem with ear wax build-up in both my ears which makes me hard of hearing. It's a fairly reoccurring issue that I've had since childhood. The process is fairly simple for the cleaning out of my ears, and is pretty basic. You can just use peroxide, sweet oil, or Debrox to loosen the ear wax, and then irrigate with warm water with a syringe of some type which is used to force out the loosen wax from the ear.

Now, I had put in a sick-call slip in at the prison for the Health Department there called Prime-Care which is the Medical Provider there for the prison at Lancaster County, which is also in the Middle Eastern District. Afterwards, I was called down for an appointment. Upon my arrival to the Medical Department, I was being led back to the examining room, and I was told to have a seat. Then the nurses began gathering the necessary tools for the cleaning out of my ears. I knew that to be true because I have similar tools in my home for the same purpose, which I purchased at Rite-Aid. Now, I noticed from out the corner of my eye that one nurse was explaining to the other nurse how to do the treatment, as if, this was her first time doing this procedure. Anyway, I became a little concerned, when I had felt that they had skipped an important part of the procedure which was to loosen the ear wax, but they should had known that there're nurses right? They should have known what were doing, or so I thought..... Now to make a long story short, The nurse brought over the water, sucked it into the syringe until it was full, and placed it into my ear, and plunged scalding hot water into my ear, and then she repeated the process again, before I could stop her, as a direct result, I immediately vommited into a nearby trash can. I remember being totally disorientated, and in a lot of pain.

My inner ear had been scalded, and possibly my eardrum had been damaged. I remember that the other nurse was not present, but when I seen her enter the room, I complained about the water being too hot, and she took over, and she began to flush cold water into my ear very gently, but I was still dizzy. I can't help but wander what the other nurse was thinking, maybe she thought that she could melt the ear wax away with hot water. Anyway, I was then told that I would have to come back, after I had used the Debrox ear drops to loosen up the ear wax, and then they would try again. I was still dizzy the whole day afterwards and had to lay down for awhile. What I don't know is, if the RN reported the incident to the Director of Nursing which she is required to do.

I later was transferred to SCI-Camphill, and was taken to an Audiologist, Dr. Joseph M. Marinak, to test my hearing. I found out then that my best ear for hearing, my right ear, had significant hearing lost, and that of what I did hear out of it, my comprehension was severely less than normal to the point that a hearing aid would be of no help. So they put a hearing -aid in my left ear.

Please understand that first and foremost the hearing in my right ear is ruined, and I believe its the fault of Lancaster County's Medical Health Care Provider Prime-Care.

*(Exhibit B)*

5/25/2017

Angus Love, Esq.

Pennsylvania Institutional Law Project

The Cast Iron Bldg., Suite 304 South,

718 Arch Street

Philadelphia, Pa. 19106

***RE:   (Alledging That Inadequately Trained and Unsupervised Medical Staff Performed Treatment on Inmate Resulting in Injusy to Inmate).***

***8th Amendment Violation of U.S. Constitution***

***Title 42 U.S.C. subsection 1983 Action***

Dear Mr. Love,

You had mention in my last letter to you that you would not be helping me in my case, however, you did send me alot of information which would've helped me in my quest for justice. I'm sorry to have to request that if you could please send me that information again, as somehow, the information was lost during a cell search, while I was locked-down. I have attached a copy of what my case is about for you to understand what I'm am looking for from you for help with. Also, if you know of any cases where the cases are similar to mine were actually won , it would be most helpful in pointing me in the right direction to go. I'm not sure whether or not "Deliberate indifference" fits in how or why? Maybe you could explain for me how. Also, If you Have a Title 42 U.S.C. subsection 1983 Action Form for the Middle Eastern District, I really would appreciate it. I have tried many Lawyers most addresses are no longer accurate, or the lawyer has died, and the remaining want exuberant amounts of money, and if I had it , I'd pay it, but I am an inmate in the state prison system with no resources an an inability to pay at this time.

I thank you Sir for all your help for you have been most kind, and I truly do appreciate it.

Sincerely yours,

Junius P. Leisure, II
#MP5563
SCI-Fayette
P.O. Box 9999
LaBelle, Pa. 15450

( Exhibit B(a) )

 **THE KILLINO FIRM, P.C.**
CALIFORNIA   FLORIDA   NEW YORK   PENNSYLVANIA

*Reply to:*
Philadelphia
1835 Market Street, Suite 2820
Philadelphia, PA  19103
T (215) 569-1299
F (215) 569-2741
www.killinofirm.com

DEAN F.OWENS, II, ESQUIRE
DOWENS@KILLINOFIRM.COM

September 1, 2017

**Via Regular Mail**
Junius P. Leisure
#MP5563
SCI-Fayette
P.O. Box 9999
LaBelle, PA  15450-0999

     **RE:   Your Case**

Dear Mr. Leisure:

     I write to formally advise that The Killino Firm, P. C., after considerable debate, thorough investigation and extensive research, cannot pursue this matter. Furthermore, we are not telling you that you do not have a case, we are merely stating that we cannot represent you here.

     Please understand that other law firms may see your case differently than we do and, therefore, I encourage you to seek other legal representation related to this matter if you so desire. However, please be aware that there exists an applicable Statute of Limitation for bringing a claim which runs from the date of loss.  If you do not file suit within the applicable statutory period, your claim will be permanently barred.  As such, I encourage you to act **immediately** in order to preserve your right if you wish to pursue this matter further.

     Thank you for your kind assistance in this matter

               Very Truly Yours,

               **DEAN F. OWENS, II, ESQUIRE**

( Exhibit B(6)



# PHILADELPHIA
# BAR ASSOCIATION

May 23, 2017

Junius P. Leisure
MP 5563
SCI Fayette
Box 9999
LaBelle, PA 15450-0999

Dear Mr. Leisure:

We are in receipt of your correspondence requesting assistance with your medical malpractice matter. As stated in our previous letter to you, the Lawyer Referral and Information Service refers clients to attorneys in private practice to represent them in legal matters. An attorney referred through this service would charge $35.00 for the first half hour consultation, and the fee arrangement after that would be negotiated between you and the attorney. In some cases this fee may be made contingent. If you would like to hire an attorney on these terms, you may contact the following:

Edward Chacker, Esq.
Gay, Chacker & Mittin, PC
1731 Spring Garden Street
Philadelphia, PA 19130
(215) 567-7955

Please be sure to let Mr. Chacker know that you were referred through this service. It will be up to the attorney to decide if he is interested in your legal matter.

Writing to this office does not protect your legal rights in this matter. Only an attorney representing you can do that. You should also be aware that there may be certain time limitations within which you may take legal action.

Sincerely,

AC Young, Esq.

6/1/2017

Edward F. Chacker, Esq.

Gay Chacker &Mitten, P.C.

1731 Spring Garden Street

Philadelphia, Pa. 19130-3915

**RE:   8th Amendment Violation Of The U.S. Constitution**

**(Alledging that Inadequate,  Untrained and Unsupervised Medical Staff Performed Treatment on Imate Resulting in Injury to Inmate).**

Dear Edward F. Chacker, Esq.:

I was referred to you by the Philadelphia Bar Association concerning the above-noted matter. *I'm not sure if this is the way to go about it, or if there is some other way to recover damages for my injuries which is why I am seeking a lawyer.  I believe in my heart that I have a case because my hearing was taken from me because of negligence and carelessness of the Prison's Medical Staff.* There was no excuse for their actions!  They are suppose to be professionals,  and we have to trust that they know what  they are doing. *I have attached a brief summary of my case in hopes that you may be interested in defending my right to recover damages for their negligence and carelessness.*

I am an inmate at SCI-Fayette. *I am told that there may be a consultation fee of $35.00 for the first half hour.  I have the money for that all you have to do is let me know that you would like to come and talk to me and I can have the prison send to you an institutional check immediately.* I would need for you to take this case on a contingency basis.   As at the present time I am an inmate and I have an inability to pay any exuberant Attorney fees.

My adress is:  Junius P. Leisure, II

#MP5563

SCI-Fayette

P.O. Box 9999

LaBelle, Pa. 15450-0999

I thank you for your time and consideration on the above-noted, and I will be looking forward to hearing from you.  Thank you and Bless you!

Sincerely Yours,

1

C Exhibit C )

# AFFIDAVIT OF
# EXHAUSTION OF ADMINISTRATIVE REMEDIES
# BY THE DEFENDANT

### The Prison Litigation Reform Act 42 U.S.C. sec 1997 e(a).

Defendant states the following:  Defendant was moved from Lancaster County Prison prior to the completion of medical treatment, whereas, he had no knowledge of the extent of his injury, until, he was seen by the audiologists at SCI-Camphill, and the outside Audiologist, Dr. Marinak, who is contracted by SCI-Camphill.  After confirmation of Defendants injury by the Audiologist.  Defendant sought the services of many private lawyers, and the service of Pennsylvania Bar Association, until his transfer to SCI-Fayette, where he continued to search for Attorneys to help him file a lawsuit against Lancaster County Prison. AS the time grew near and he did not want to risk the lost of the case via "Statute of Limitations," the defendant decided to forego it alone.  Defendant could not use a grievance form from Lancaster County Prison due to his transfer out of that prison.  However, Defendant did attempt to file a grievance using a state prison grievance form (DC-804)  Inmate Grievance form which he inturn sent to the Grievance Conordinator at Lancaster County Prison for a response on September 12, 2017. *Defendant sites: Hawkins v. Pennsylvania No.09-182 Erie,2011 WL 67739289 at \*20 (W.D. Pa. Nov. 30,2011) in support of his claim.*

To this date of Filing  *October  7,*  ,2017, the defendant has received no response from the Grievance Coordinator at Lancaster County Prison.  Wherefore,  the following cases support my right to bring a claim to the Court, if I do not receive a response to my Grievance from Lancaster County Prison. *Small v. Camden County, 728 F.3d 265, 273 (3rd Cir. 2013), Gellock v. Prison Health Servs., No. 07-8 Erie, 2009 U.S. Dist. LEXIS 131176, at \*20 (W.D. Pa. June 8, 2009).*

I declare under peanlty of perjury that the foregiong facts are true and correct.

DATED  *10 - 7 - 17*

*Junius P Leisure, II*

Signature of Plaintiff