UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JUNIUS P. LEISURE, II, :
              Plaintiff, :
 :
    v. : No. 5:17-cv-04603
 :
DIRECTOR OF NURSING; PRIMECARE :
*(HEALTHCARE PROVIDER) ET AL*, :
NURSE A, and NURSE B,[1] :
              Defendants. :
_____

**O P I N I O N**
**Defendants' Motion to Dismiss, ECF No. 9 - Granted in Part**

**Joseph F. Leeson, Jr.**                                                   **February 23, 2018**
**United States District Judge**

## I.    INTRODUCTION

Plaintiff Junius P. Leisure, II, initiated this action pursuant to 42 U.S.C. § 1983 against Defendant PrimeCare, the "Director of Nursing," who has not been identified, and two unnamed nurses for the alleged deliberate indifference to his medical needs regarding treatment he received at the Lancaster County Prison for the buildup of ear wax in both ears.[2] PrimeCare has moved to dismiss the Complaint[3] for failure to state a claim.

---

[1]     Leisure has failed to provide sufficient information identifying Defendants Director of Nursing, Nurse A, and Nurse B so these Defendants have not been served with the Complaint.

[2]     Leisure has also pleaded a medical negligence claim.

[3]     After the Motion to Dismiss was filed, Leisure filed a brief in opposition to the Motion, arguing against the dismissal of his § 1983 claim, *see* ECF No. 25, and, subsequently, a Supplemental Pleading, which appears to be an amended complaint asserting a claim only under state tort law, *see* ECF Nos. 24, 28. It appears from the Supplemental Pleading that Leisure has abandoned his § 1983 claim and intends to proceed only under a medical negligence claim. However, given Leisure's *pro se* status, this Court acts out of an abundance of caution and addresses the claims raised in both the Complaint and the Supplemental Pleading.

Due to insufficient factual allegations that any[4] Defendant was deliberately indifferent to a serious medical need, the § 1983 claim is dismissed with prejudice. This Court declines to exercise supplemental jurisdiction over the medical negligence claim and dismisses this claim without prejudice to Leisure's right to file a complaint in state court.

## II. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

---

[4] Although the Motion to Dismiss was filed only by PrimeCare, this Court has reviewed the allegations against all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that where a prisoner brings a civil action *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *See* Order, ECF No. 3 (granting Leisure leave to proceed *in forma pauperis*).

## III. ANALYSIS

### A. Leisure has failed to allege facts showing that any Defendant was deliberately indifferent to a serious medical need.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To state an Eighth Amendment claim regarding medical care, "a prisoner must make (1) an 'objective' showing that the prisoner's medical needs were sufficiently serious and (2) a 'subjective' showing that the prison official acted with a sufficiently culpable state of mind." *Mitchell v. Gershen*, 466 F. App'x 84, 86 (3d Cir. 2011). The "prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs [because i]t is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The concept of a serious medical need has two components: (1) the prisoner's "condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death," and (2) "the condition must be 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (quoting *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)). Deliberate indifference occurs when a prison official knows of and disregards an excessive risk to a prisoner's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). But, prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients. *Young v. Kazmerski*, 266 F. App'x 191, 194 (3d Cir. 2008). Mere negligence in diagnosing or treating a medical condition does not state a claim under the Eighth Amendment.

*Estelle*, 429 U.S. at 105-06. Disagreement as to proper care also does not support a finding of deliberate indifference. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

Leisure, who has a reoccurring problem of ear wax build-up, alleges that in 2016,[5] while incarcerated at the Lancaster County Prison, he put in a sick call slip to have his ears cleaned. *See* ECF Nos. 4, 24, 28. He alleges that PrimeCare provides medical services to the Prison. Leisure alleges that he was taken to the Prison's Medical Department and overheard a nurse (Nurse B) explain to another nurse (Nurse A) how to perform the cleaning treatment. He believes that both nurses skipped the ear wax loosening part of the procedure. Leisure alleges that during the treatment, Nurse A plunged scalding hot water into his ear with a syringe and repeated the act before he could stop her. He alleges that this caused him to vomit and experience pain. Leisure alleges that when Nurse B returned to the room, he complained that the water was too hot and she took over the treatment from Nurse A and irrigated his ear with cold water. He alleges that he was given ear drops and was told that he would have a follow-up appointment, but that he was transferred to another prison before this appointment. Leisure alleges that he complained about hearing loss at his intake assessment at the new prison. Leisure alleges that he was taken to an audiologist for treatment, who confirmed his hearing loss.

After reading the facts in the light most favorable to Leisure, this Court finds that he has failed to state a deliberate indifference claim under the Eighth Amendment. First, Leisure has not alleged sufficient facts to show that his ear wax build-up condition constitutes a serious medical need as there are no allegations that the "failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." *Colburn*, 946 F.2d at 1023. *See also Lane v. Matter*, No. 98-1010, 1998 U.S. App. LEXIS 31176, at *6-7 (7th Cir. 1998) (holding that

---

[5] Leisure clarified in his Supplemental Pleading that the events occurred in 2016, which defeats PrimeCare's statute of limitations defense.

the prisoner, who suffered a medical condition that caused abnormally severe build-up of ear wax in his ear canal, did not have a serious medical need); *Spencer v. Simon Candy Co.*, No. 92-3773, 1992 U.S. Dist. LEXIS 9310, at *3 (E.D. Pa. July 6, 1992) (concluding that an ear infection is not a serious medical need). Leisure has therefore failed to make the required objective showing.

Moreover, Leisure received timely medical attention, first upon receipt of his sick call slip and then by Nurse B when Leisure complained that the water was too hot. There are no facts suggesting that any Defendant acted with a sufficiently culpable state of mind in treating Leisure. Rather, although the treatment given by Nurse A allegedly caused harm, she was less familiar with the cleaning procedure and was apparently unaware that she skipped a step. There are no allegations that Nurse A knew that the water was too hot and recklessly disregarded the risk that might cause to Leisure if she put it in Leisure's ear. Further, as soon as Leisure complained, Nurse B took over his care, irrigating his ear with cold water, prescribing ear drops, and scheduling a follow-up appointment. These allegations do not satisfy the subjective component of an Eighth Amendment claim. At most, Leisure may have stated a negligence claim. *See Lane*, 1998 U.S. App. LEXIS 31176, at *6-7 (finding that the nurses' removal of large pieces of ear wax that ruptured the prisoner's ear drum did not rise to the level of an Eighth Amendment violation and constituted no more than mere negligence). The § 1983 claim is therefore dismissed.

Having considered the allegations raised in both the Complaint and the Supplemental Pleading, this Court finds that another amendment would be futile, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, a court should grant a plaintiff leave

5
022318

to amend a deficient complaint after a defendant moves to dismiss it), and therefore dismisses the § 1983 claim with prejudice.

### B. This Court declines to exercise supplemental jurisdiction over Leisure's state law medical negligence claim.

Leisure also asserts a state tort claim for medical negligence. However, because the § 1983 claim, which was the sole basis for federal jurisdiction, has been dismissed, this Court declines to exercise supplemental jurisdiction over the negligence claim. *See* 28 U.S.C. § 1367(c)(3) (stating that "district courts may decline to exercise supplemental jurisdiction over a claim. . . if . . . [it] has dismissed all claims over which it has original jurisdiction"); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Jones v. Cnty. Jail C.F.C.F.*, 610 F. App'x 167, 169 (3d Cir. 2015) (concluding that because the district court properly dismissed the prisoner's Eighth Amendment claim, there was no abuse of discretion for refusing to exercise supplemental jurisdiction on the state negligence claim).

"Because the original complaint was not filed in state court, the Court cannot remand this case. Rather, the Court will dismiss the complaint . . . without prejudice for an action to be filed in state court." *Gallo v. Wash. County*, No. 08cv0504, 2009 U.S. Dist. LEXIS 7958, at *30 n.8 (W.D. Pa. Feb. 4, 2009). Thus, Leisure is advised that if he wishes to proceed with his medical negligence claim, he must file a new complaint in state court. Leisure is also advised that the period of limitations for his medical negligence claim was tolled during the pendency of this action and "for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under

subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

## IV. CONCLUSION

Leisure has failed to plead sufficient facts showing deliberate indifference to a serious medical need and the § 1983 claim is dismissed with prejudice. This Court declines to exercise supplemental jurisdiction over the remaining medical negligence claim.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge